ORIGINAL

CASE LOMBARDI & PETTIT
A Law Corporation

JOHN D. ZALEWSKI    4718
MARK G. VALENCIA    6783
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Phone: (808) 547-5400
Fax: (808) 523-1888
Email: jdz@caselombardi.com
Email: mgv@caselombardi.com

Attorneys for Plaintiff
ERA FRANCHISE SYSTEMS LLC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 07 2009
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERA FRANCHISE SYSTEMS LLC, fka ERA FRANCHISE SYSTEMS, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>ERIN WAKABAYASHI; NEW ERA REALTY,<br><br>                Defendants. | CIVIL NO.:  CV09-00078 JMS BMK<br>(Breach of Contract)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ERA FRANCHISE SYSTEMS LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ERIN WAKABAYASHI AND NEW ERA REALTY; EXHIBIT "A" (ORDER OF PERMANENT INJUNCTION) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF ERA FRANCHISE SYSTEMS LLC'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
ERIN WAKABAYASHI AND NEW ERA REALTY

28257/4/1059748.1                              1

Before the Court is Plaintiff ERA FRANCHISE SYSTEMS LLC's ("ERA") Motion for Default Judgment Against ERIN WAKABAYASHI ("Wakabayashi") AND NEW ERA REALTY (collectively "NEW ERA" or "Defendants"), filed October 29, 2009. NEW ERA was served with a copy of the Motion, but did not file an opposition.

This matter came on for hearing on November 19, 2009. Mark G. Valencia, Esq., appeared on behalf of ERA. There was no appearance by or on behalf of NEW ERA. After careful consideration of the Motion, the supporting memoranda, and the arguments of counsel, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

This action for violation of the Lanham Act, money damages, an accounting and injunctive relief arises out of ERA's Renewal Membership Agreement ("Agreement") that ERA entered into with Wakabayashi, which term expired on May 11, 2007. See Complaint, filed February 20, 2009 at 5 ¶ 17. (The Agreement as attached to the Complaint.) The Agreement was not renewed. Wakabayashi continued to operate an ERA franchise and continues to operate its office as though it is an ERA franchise, under the name NEW ERA, in violation of the Lanham Act.

A.   <u>Rules Governing Entry of Default Judgment</u>

Under Federal Rule of Civil Procedure ("FRCP") 55(b)(1), the Clerk of the Court may enter default judgment for the plaintiff if the defendant has defaulted by failing to appear and plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" <u>See</u> Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for default judgment. <u>See</u> Rule 55(b)(02). If the defendant has appeared in the action, the plaintiff must serve written notice of the application on the defendant at least three days prior to the hearing. The court may conduct an evidentiary hearing "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other [.]" <u>Id.</u>

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right. <u>See Warner Bros. Entm't Inc. v. Caridi</u>, 346 F. Supp.2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. <u>See In re Roxford Foods, Inc.</u>, 12 F.3d 875, 879 (9th Cir.

1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp.2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts.,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp.2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  In addition, a court can deny default judgment where the defendant has appeared and actively defends against the plaintiff's claims.  See VonGrabe, 312 F. Supp.2d at 1319.

B.   Eitel Factors

Upon consideration of the Eitel factors, the Court finds that the entry of default judgment against NEW ERA is appropriate.  The Court will address each factor in turn.

1.   Possibility of Prejudice to ERA

Defendants are aware of this litigation, apparently retained legal counsel, are aware of the Entry of Default, but have chosen not to appear and defend this matter. It has been over nine months since Defendants were served. There can be no reasonable argument of excusable neglect or a meritorious defense. ERA will be left in limbo if default judgment is not entered. Thus, the prejudice factor weighs in favor of default judgment.

2.   Merits of ERA's Substantive Claims

On February 20, 2009, ERA filed its Complaint against Defendants. The Complaint contains four causes of action:

- Count I: Violation of the Lanham Act. The background facts of the Complaint (paragraphs 1 – 35) and Count I (paragraphs 26 – 47) clearly establish trademark infringement of the ERA Marks by NEW ERA.

- Count II: Breach of Contract. The background facts and Count II (paragraphs 48 – 52) properly allege that Defendants violated the Agreement.

- Count III: Breach of Contract (franchise and merchandising fees). The background facts and Count III (paragraphs 53 – 56) adequately allege that Defendants failed to pay franchise and merchandising fees.

- Count IV: Breach of Contract (audit). The background facts and Count IV (paragraphs 57 – 60) set forth ERA's right to an audit of Defendants' books and records.

In addition, ERA is a duly registered trademark with the United States Patent and Trademark Office. In accordance with the Agreement (attached as Exhibit "A" to the Complaint), ERA granted Wakabayashi a license to use the ERA Marks during the term of the Agreement. See Agreement at 1 ¶ 1.A.

On or about April 15, 2008, ERA terminated the Agreement. See Complaint ¶ 26. On or about June 16, 2008, ERA reminded Wakabayashi that she was required to discontinue use of all ERA Marks and that legal action would be taken if she infringed on ERA Marks. See Complaint ¶ 29.

On or about July 21, 2008, Wakabayashi registered the name "New Era Realty" with DCCA. See Complaint ¶ 30. This NEW ERA name was clearly an attempt to take advantage of the ERA Marks.

Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in part that, "[a]ny person who shall, without the consent of the registrant– (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or

to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in part that, "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

A real estate sales company formally known as ERA that changes its name to NEW ERA and continues to run the same business from the same business address would clearly cause confusion, mistake, and/or deceive members of the public regarding ERA's involvement with, or endorsement of, this "new" business. Wakabayashi's use of the ERA name unquestionably violates sections 32 and 43(a) of the Lanham Act.

Wakabayashi agreed that upon termination of the Agreement, she would discontinue use of all ERA Marks. See Agreement at 23 ¶ 17.D. Registration and continued use of the ERA name is a violation of paragraph 17 of the Agreement.

Wakabayashi agreed that if she or anyone affiliated with her infringed on the ERA Marks, that a Court could hold them liable for Monthly Membership Fees,

Transaction Fees, Royalty Fees, and NMF Contributions during any infringement period. See Agreement at 24 ¶ 17.F.

The Agreement gives ERA the right to audit books and records. See Agreement at 13-14 ¶ 11. This right exists for up to three years after termination of the Agreement. See Agreement at 14 ¶ 11.B. Wakabayashi is required to cooperate with ERA regarding a post-termination audit. See Agreement at 25 ¶ 17.I.

Thus, the merits of Counts I – IV of the Complaint weigh in favor of entry of default judgment.

3. Sufficiency of the Complaint

The sufficiency of the Complaint also weighs in favor of default judgment. The allegations in the Complaint are sufficiently pleaded and supported by facts in the record.

4   The sum of money at stake favors entry of default judgment.

"A default judgment generally is disfavored if there is a large sum of money involved." Valvanis v. Milgroom, 2009 WL 1561571, at * 10 (citing Eitel, 782 F.2d at 1472). In this case, the amount sought as damages is $23,232.00. This factor weighs in favor of entry of default judgment.

5       Possibility of Dispute Concerning Material Facts

It is undisputed that Wakabayashi was given the conditional right to operate an ERA franchise and conditional use of the ERA Marks under the terms of the Agreement. It is undisputed that the Agreement was not renewed and that Wakabayashi was not authorized to use the ERA Marks after nonrenewal of the Agreement. It is undisputed that Wakabayashi registered the name "NEW ERA," which operates out of the same business location as the former ERA franchise. The names are clearly confusingly similar and an attempt by Wakabayashi to profit from the ERA Marks. Therefore, this factor weighs in favor of granting default judgment.

6.      Whether Default was Due to Excusable Neglect

There is no evidence in the record that NEW ERA's failure to answer or otherwise plead in response to the Complaint was due to excusable neglect. As previously indicated, Defendants were aware of this litigation and had apparently hired legal counsel. ERA's counsel had several communications with an attorney who indicated he represented Defendants. An extension to answer the Complaint was granted while the parties discussed a possible settlement, which included a Stipulated Consent Judgment and Order of Permanent Injunction, along with a monetary damages amount.

When discussions stalled, due to the lack of communication by Defendants, their counsel was notified that a response to the Complaint was due on or before May 15, 2009. When no answer was served or filed, default was entered on May 19, 2009. On June 1, 2009, Defendants' counsel was provided with a courtesy copy of the Entry of Default. Defendants were also served with a copy of the Motion for Default Judgment. To date, no motion to set aside the Entry of Default has been filed and there was no opposition to the Motion for Default Judgment. Thus, this factor weighs in favor of entry of default judgment.

    7.    <u>Policy Favoring Decisions on the Merits</u>

Although the Court recognizes the strong policy favoring resolution of cases on their merits, proceeding with the instant litigation against NEW ERA would be futile, given NEW ERA's failure to make an appearance in this case, despite being served with the Motion. It is clear NEW ERA has no intention of defending this matter, so failing to enter default judgment based on public policy would unduly prejudice ERA.

In sum, the Court finds that the foregoing factors weigh in favor of entering default judgment against NEW ERA.

C.  Relief Sought

1.  Permanent Injunction

Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), provides in pertinent part that "[t]he owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection." In this case, Defendants must be enjoined from further use of "New Era Realty" and any other infringement of the ERA Marks. The Court therefore recommends that the Order of Permanent Injunction, attached as Exhibit "A," be entered in this matter in accordance with section 43(c) of the Lanham Act.

2.  Monetary Damages

Section 35(a) of the Lanham Act provides that, when a violation of section 43(a) has been established, the plaintiff shall be entitled to recover (1) the defendant's profits, (2) damages sustained, and (3) costs of the action. See 15 U.S.C. § 1117(a). Section 1117(a) allows the Court to award treble damages. See 15 U.S.C. § 1117(a) ("In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.").

Under the Agreement, NEW ERA is obligated to pay for improper use of the ERA Marks. Beginning April 1, 2008, the Minimum Royalty Fee (MRF) was billed at $261.00. The minimum National Marketing Fund (NMF) was billed at $223.00. The maximum NMF was billed at $1,070.00. Those amounts would have lasted until April 1, 2009. The franchise was terminated in April 2008. Thus, Defendants are liable for the following amounts:

> 4/22/08 – 8/31/09 MRF - $4176.00 ($261.00 x 16)
> 4/22/08 – 8/31/09 minimum NMF - $3568.00 ($223.00 x 16)
> Total:  $7744.00 x 3 = **$23,232.00.**

3.   Attorneys' Fees and Costs

Attorneys' fees may be awarded where provided for by statute, stipulation, or agreement. See, e.g., S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 76 Hawai`i 396, 399, n.3, 879 P.2d 501, 504 n. 3 (1994); Food Pantry Ltd. v. Waikiki Business Plaza, Inc., 58 Haw. 606, 618, 575 P.2d 869, 878 (1978).

In this case, attorneys' fees are warranted based on the Agreement and by statute. Paragraph 17 requires NEW ERA to pay "attorneys' fees incurred by ERA in the enforcement of the rights of ERA with respect to the ERA Identification; and the costs and disbursements of bringing the enforcement action." Agreement at 24 ¶ 17.F. Paragraph 24 also contains an attorneys' fees provision: "In any claim . . . or other legal proceeding brought by either you or ERA against the other in connection with this Membership Agreement, if such party instituting the claim,

counterclaim or legal proceeding is unsuccessful, then it will pay the prevailing party's reasonable attorneys' fees and costs." Agreement at 35 ¶ 24.L.

The relevant statute is 15 U.S.C. section 1117(a), which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "An exceptional case in one in which there is culpable conduct, or knowing infringement on the part of the defendant." Choice Hotels Int'l, Inc. v. Pennave Assocs., 159 F. Supp.2d 780, (E.D. Pa. 2001) (citing Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 280 (3d Cir. 2000) (citing Ferrero U.S.A., Inc. v. Ozak Trading, Inc., 952 F.2d 44, 47 (3d Cir. 19991)); ACCU Personnel, Inc. v. AccuStaff, Inc., 846 F. Supp. 1191, 1216 (D. Del. 1994)); see **Wynn Oil Co. v. American Way Service Corp.**, 943 F.2d 595, 606 (6th Cir. 1991) (citation omitted) ("This court has indicated that the term 'exceptional cases' means those cases in which the infringement was 'malicious, willful, fraudulent, or deliberate.'").

The Court finds that NEW ERA's conduct was culpable, knowing, willful, and/or deliberate for at least two reasons. First, Defendants obtained the name "NEW ERA REALTY" and operated the identical real estate business out of the same address as ERA, and any reasonable person would conclude NEW ERA is either the same entity as ERA or at a minimum affiliated with ERA.

Second, Defendants were sent a cease and desist letter dated October 1, 2008, which demanded that Defendants immediately discontinue use of the ERA Marks. Defendants were expressly warned that if Defendants did not cease their trademark infringement, ERA would "immediately commence litigation to compel [Defendants] to cease using ERA® Marks, trade name and service marks, and to recover appropriate damages under the Lanham Act and other applicable laws, which may include the recovery of treble damages and attorneys' fees." Defendants ignored the October 1 letter.

Under these circumstances, Defendants engaged in culpable, knowing, willful, and/or deliberate conduct, which amounts to an "exceptional case" under section 1117(a).

As of October 28, 2009, ERA has incurred $10,596.13 in reasonable attorneys' fees in connection with its efforts to enforce the terms and conditions of the Agreement and halt Defendants trademark infringement.

In accordance with FRCP 54(d)(1), ERA is entitled to costs, which shall be taxed by the clerk.

4. <u>Audit of Books and Records</u>

In accordance with paragraph 11 of the Agreement, NEW ERA shall cooperate with an audit of their books and records to determine the extent of revenues derived as a result of marketing and promoting real estate brokerage

services and other related estate business through and with the ERA Marks. NEW ERA shall be solely responsible for all costs associated with the audit.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that ERA's Motion for Default Judgment Against Erin Wakabayashi and New Era Realty, filed October 29, 2009 be GRANTED. Specifically, the Court recommends that default judgment be entered against NEW ERA with the following remedies: (1) issuance of a Permanent Injunction in the form attached as Exhibit "A"; (2) monetary damages in the amount of $23,232.00; (3) attorneys' fees in the amount of $10,596.13, with costs to be taxed by the clerk; and (4) an audit of NEW ERA's books and records, at NEW ERA's sole expense.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, December 7, 2009.

_____
Barry M. Kurren
United States Magistrate Judge